IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY LEE MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-76-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary ruling. Petitioner is currently incarcerated at the Clements Unit in Potter County, Texas pursuant to an October 14, 2011 conviction out of Dallas County, Texas for the felony offense of aggravated kidnapping and the resultant 15-year sentence. *State v. Miller*, No. F-1042110-J.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, in response to Question 16 of the form, petitioner concedes he is not eligible for release on mandatory supervision. [EDF 3 at 5]. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the aggravated kidnapping offense and reflects petitioner's projected release date is his maximum sentence date.

The mandatory supervision statute in effect when petitioner committed his aggravated kidnapping offense on October 8, 2010 stated, "An inmate may not be released to mandatory supervision if the inmate is serving a sentence for . . . : (4) a first degree felony or a second degree felony under Section 20.04, Penal Code (aggravated kidnapping). Texas Gov't Code § 508.149 (2010). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Further, in his habeas application, in response to Question 18, petitioner acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding herein challenged. Because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits petitioner is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JERRY LEE MILLER be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 1, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).